UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ROSEMARY GARDNER, | : | | |
| | : | Civil Action No.: | 04-0637 (RMU) |
| Plaintiff, | : | | |
| | : | Document No.: | 14 |
| v. | : | | |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

This employment discrimination case comes before the court on the defendant's motion for summary judgment. The plaintiff alleges that her supervisors at the District of Columbia ("D.C.") Department of Corrections retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, because she was a witness to acts of sexual harassment. The defendant argues that the plaintiff's retaliation claim is time barred and that the plaintiff failed to establish a prima facie case of retaliation. Because the defendant's alleged retaliatory acts would not have been materially adverse to a reasonable employee, the court grants the defendant's motion for summary judgment.

**II. BACKGROUND**

The plaintiff works for the D.C. Department of Corrections, a subordinate agency of the defendant. Compl. ¶¶ 2, 3, 7. During her work assignment at the Greater Southeast Community Hospital, Lieutenant Curtis Bass supervised the plaintiff. Compl. ¶ 8. On or about September

2002, the plaintiff filed a report because she witnessed a possible act of sexual harassment by Bass and Officer Ronald Warren against a nurse.[1]  Compl. ¶¶ 9, 10.

After learning that the plaintiff was a possible witness against him, Bass allegedly retaliated against her by creating a "hostile, abusive and disrespectful workplace environment" and by transferring her to a less desirable and less convenient work location.  Compl. ¶¶ 13, 14, 17.  Although she reported her concerns to her superiors, the plaintiff alleges that her superiors failed to follow usual procedures and did not take any effective steps to halt the retaliation.  Compl. ¶¶ 12, 15, 16.

In response to the alleged retaliatory acts by Bass and other supervisory correctional officers, the plaintiff filed this action on April 21, 2004.  The defendant moves for summary judgment.  The court now turns to this motion.

### III.  ANALYSIS

The defendant argues that the plaintiff's retaliation claim is time barred because she failed to file an administrative charge of retaliation within 180 days after the alleged retaliatory acts.  Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 1, 3.  The defendant also argues that the plaintiff has failed to establish a prima facie case of retaliation.  *Id.*  In her opposition, the plaintiff argues that she filed her claim within the applicable time period and that she has made a prima facie case of

---

[1]  On September 20, 2002, the plaintiff saw Lieutenant Bass and Brisbane, a nurse at the Greater Southeast Community Hospital, hugging and rocking back and forth, while Warren looked on.  Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 4.  At this time, Officer Warren allegedly told the nurse "see you gave him a hug, you wouldn't give me a hug," and "he'll get it from the front and I'll get it from the back."  *Id.*  Sergeant Kenneth Graham, the shift supervisor, then ordered the plaintiff to submit a "report recounting her observations of the incident."  Compl. ¶ 10.

retaliation.  Pl.'s Opp'n to Mot. for Summ. J. ("Pl.'s Opp'n") at 2.

### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150,

154 (D.C. Cir. 1993).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Greene*, 164 F.3d at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### B.  The Plaintiff's Claim is Not Time Barred

The defendant asserts that the plaintiff's claim is statutorily barred because she did not file an administrative charge within 180 days of the alleged discriminatory act.  Def.'s Mot. at 7 (citing 42 U.S.C. § 2000e-5(e)(1)).  The defendant contends that the plaintiff's alleged retaliatory transfer occurred in October 28, 2002 and that the plaintiff did not file a charge of retaliation with the Equal Employment Opportunity Commission ("EEOC") until July 11, 2003.  *Id.*  The plaintiff does not dispute that her claim would be barred under the 180-day period, but instead argues that she had 300 days to file her claims of discrimination with the EEOC because she first filed with the D.C. Office of Human Rights ("OHR"), a "deferral-state agency" with authority to grant relief for the prohibited actions.  Pl.'s Opp'n at 2-3.

As a general rule, a complainant must file a discrimination claim with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e).  But, if the complainant first files a discrimination charge with a state or local agency with authority to grant or seek relief from the alleged discriminatory practice, such as the OHR, the time limit for filing with the EEOC is 300 days.  *Id.*; *Banks v. Dist. of Columbia*, 377 F. Supp. 2d 85, 91 (D.D.C. 2005) (stating that a complainant that files a charge with the OHR before filing with the EEOC has 300 days to file a charge with the EEOC); *see also Saunders v. Dist. of Columbia*, 2005 WL 3213984, at *6 (D.D.C. Oct. 25, 2005).

In this case, the plaintiff filed her charge of discrimination with the EEOC on July 11, 2003, Pl.'s Opp'n at 2, and the EEOC then cross-filed her claim with the OHR, Pl.'s Opp'n at 4. Because the EEOC instituted the plaintiff's charge with the OHR, she is deemed to have initiated proceedings first with the OHR. *Mohasco*, 447 U.S. at 816-17 (explaining that the court treats the state proceedings as having been instituted on the date the EEOC forwarded the charge to the state agency). As a result, the 300-day time period, rather than the 180-day time period, applies. *Id.* at 817. The defendant's alleged misconduct occurred in late 2002, and the plaintiff filed her charge of discrimination in mid-2003. Accordingly, the plaintiff filed her charge within the 300-day time period.

### C. The Plaintiff Cannot Establish a Prima Facie Case of Retaliation

The defendant also argues that the court should grant summary judgment in its favor because the plaintiff cannot make out a prima facie case of retaliation. Def.'s Mot. at 8. The plaintiff counters that she has made out a prima facie case of retaliation. For the reasons discussed below, the court rules for the defendant on this issue.

#### 1. Legal Standard for a Retaliation Claim

To prevail on a claim of retaliation, a plaintiff must follow a three-part burden-shifting analysis generally known as the *McDonnell Douglas* framework. *Morgan v. Fed. Home Loan Mortgage Corp.*, 328 F.3d 647, 651 (D.C. Cir. 2003) (applying the *McDonnell Douglas* framework to a Title VII retaliation claim); *Duncan v. Wash. Metro. Area Transit Auth.*, 214 F.R.D. 43, 49-50 & n.8 (D.D.C. 2003) (applying the *McDonnell Douglas* framework to a Rehabilitation Act retaliation claim). The Supreme Court explained the framework as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a

> prima facie case of [ retaliation]. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, [non-retaliatory] reason for the employee's rejection" . . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for [retaliation] . . . . The ultimate burden of persuading the trier of fact that the defendant intentionally [retaliated] against the plaintiff remains at all times with the plaintiff.

*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (internal citations omitted) (quoting *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)).

To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a statutorily protected activity, (2) a reasonable employee would have found the challenged action materially adverse, and (3) there existed a causal connection between the protected activity and the materially adverse action. *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2415-16 (2006); *see also Scott v. Kempthrone*, 2006 WL 1980219, at *3 (10th Cir. July 17, 2006). The plaintiff's burden is not great: the plaintiff "merely needs to establish facts adequate to permit an inference of retaliatory motive." *Forman v. Small*, 271 F.3d 285, 299 (D.C. Cir. 2001).

With regard to the first prong of the plaintiff's prima facie case of retaliation, statutorily protected activities include the filing of EEOC complaints. *Forkkio v. Powell*, 306 F.3d 1127, 1131-32 (D.C. Cir. 2002). As for the second prong, "[t]he anti-retaliation provision seeks to . . . prohibit[] employer actions that are likely 'to deter victims of discrimination from complaining to the EEOC,' the courts, and their employers. And normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Burlington N.*, 126 S. Ct. at 2415 (citations omitted). Additionally, "the significance of any given act of retaliation will often

depend upon the particular circumstances. Context matters." *Id.* Finally, under the third prong, the plaintiff may establish a causal connection "by showing that the employer had knowledge of the employee's protected activity, and that the [retaliatory] personnel action took place shortly after that activity." *Cones v. Shalala*, 199 F.3d 512, 521 (D.C. Cir. 2000) (quoting *Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C. Cir. 1985)). To qualify as a causal connection, however, the temporal proximity between the employer's knowledge of the protected activity and the adverse personnel action must be "very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (noting that a three- or four-month period between an adverse action and protected activity is insufficient to show a causal connection, and that a 20-month period suggests "no causality at all").

### 2. The Challenged Action is Not Materially Adverse to a Reasonable Employee

The plaintiff argues that she suffered many adverse actions after submitting a report describing the acts she witnessed. She alleges that Bass treated her badly and that he transferred her from her post at the Greater Southeast Community Hospital to the George Washington University Hospital for four days. Compl. ¶ 14; Pl.'s Opp'n at 7-8. As a result of the transfer, the plaintiff was unable to attend classes at Montgomery College in Rockville, Maryland. Further, she alleges that Warren treated her in a "hostile fashion," and she "felt alone" as a result of Bass, Warren, and other employees' hostile behavior. Pl.'s Opp'n at 7-8.

"The anti-retaliation provision protects an individual not from all retaliation, but from retaliation the produces injury or harm." *Burlington N.*, 126 S. Ct. at 2415. "The plaintiff must show that a reasonable employee would have found the challenged action materially adverse." *Id.* Adverse actions can include actions that do not adversely affect promotion opportunities or

that do not create tangible, economic loss. *Villines v. United Bhd. of Carpenters and Joiners of Am.*, 999 F. Supp. 97, 106 (D.D.C. 1998) (citing *Palmer v. Shultz*, 815 F.2d 84, 97-98 (D.C. Cir. 1987)).  But "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N.*, 126 S. Ct. at 2415.

Although the plaintiff alleges that her superiors treated her badly, such allegations do not rise to the level of an adverse action.  While "'purely subjective injuries,' such as dissatisfaction with a reassignment, public humiliation, or loss of reputation, are not adverse actions." *Holcomb v. Powell*, 433 F.3d 889, 902 (D.C. Cir. 2006).  The plaintiff here alleges only that Bass "slammed the phone down" when she called him, that Bass "glared at her in an angry and alienating fashion," and that "she felt alone and did not believe that she could rely upon anyone's assistance in the performance of her duties."  Pl.'s Opp'n at 8.  As the Court has stated, however, "'snubbing' by supervisors and co-workers are not actionable" under the retaliation provisions. *Burlington N.*, 126 S. Ct. at 2415 (citing 1 B. Lindermann & P. Grossman, EMPLOYMENT DISCRIMINATION LAW 669 (3d. ed. 1996)).

The closest the plaintiff comes to alleging an adverse action is that Bass transferred her from her post at the Greater Southeast Community Hospital to the George Washington University Hospital for approximately four days. *Id.* at 7.  According to the plaintiff, the four-day transfer to the George Washington University Hospital meant that she could not attend courses she was taking at Montgomery College in Rockville, Maryland because she was not relieved of her duties at the appropriate time.  Pl.'s Opp'n at 8.  The court, however, is skeptical that the plaintiff's inability to attend these courses is a result of the four-day transfer to the

George Washington University Hospital.  Specifically, Montgomery College is closer to the George Washington University Hospital than it is to the Greater Southeast Community Hospital.  Not only was the plaintiff's temporary work location closer to Montgomery College, she was relieved of her duties at least an hour or an hour and a half before her first class.  Pl.'s Opp'n, Ex. 1 at 84:15-17; 86:2-3 (stating that the plaintiff's classes began at 9:30 a.m. and that she was relieved from her duties between 8:00 a.m. and 8:30 a.m.).  Indeed, a reasonable employee would have preferred a transfer that placed her closer to her classes.  In sum, the plaintiff fails to allege an adverse action, and is consequently unable to make a prima facie case of retaliation.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for summary judgment.  An order directing the parties consistent with this Memorandum Opinion is separately and contemporaneously issued this 23rd day of August, 2006.

RICARDO M. URBINA<br>
United States District Judge